873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben McLain ROBINSON, Defendant-Appellant.
 No. 88-5133.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1989.
Decided: March 31, 1989.
 
 Richard McAlphin Thigpen (Poyner & Spruill, on brief), for appellant.
 Gail Ann Brodfuehrer (Robert E. Lindsay, Tax Division; William S. Rose, Jr., Assistant Attorney General; Thomas J. Ashcraft, United States Attorney, on brief), for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant in this case appeals his conviction on two counts of tax evasion and two counts of filing false returns, claiming only that the government failed to establish the specific intent required by these statutes. We affirm.
 
 
 2
 Robinson worked for Duke Power Company, averaging about $24,000 per year in income. He filed regular tax returns for the years 1977-79. He did not file returns for 1980, 1981, 1982, or 1983. He was charged with five counts: three of tax evasion, for not filing returns for 1981-83, and two counts of filing false returns, for claiming on his 1984 and 1985 returns that none of his wages constituted taxable income. A jury convicted Robinson on all counts except the alleged 1981 tax evasion. The District Court sentenced him to a total of 3 years, $5,000 fine and costs of prosecution.
 
 
 3
 Relying on his trial testimony, Robinson argues on appeal that the evidence did not establish that he had the specific intent required by the evasion and false returns statutes. 26 U.S.C. Sec. 7201 (evasion); 26 U.S.C. Sec. 7206(1) (filing false returns). As to the evasion counts, Robinson testified at trial that he did not intend to defraud the government when he failed to file in 1981-83, and that he did not think he was violating the law. In filing his 1984 and 1985 returns, Robinson testified that he relied on materials published by one Irwin Schiff, which argued that wages are not taxable income and that people should deduct the majority of their wages on their returns, leaving some minimal taxable income to fool the "IRS flunkie." However, Robinson admitted on cross-examination that he had also read the paragraph of Schiff's report stating that taxpayers following his advice did so at their own risk since the "Federal Mafia" had been known to prosecute people for following this advice.
 
 
 4
 Because direct evidence of intent is scarce, the government may of course rely on circumstantial evidence to carry its burden. United States v. Diamond, 788 F.2d 1025, 1030 (4th Cir.1986). Moreover, in reviewing the sufficiency of the evidence, the standard is whether, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt. See, e.g., United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986).
 
 
 5
 At trial, the government presented ample circumstantial evidence for a reasonable jury to conclude that Robinson had the requisite intent. Robinson had completed high school and had some college education. The government established that he had filed regular tax returns for 1977-79, and then stopped filing returns for the years 1981-83. Robinson also filed a W-4 form with Duke Power for 1981-83 stating that he was not subject to withholding and expected to pay no tax. The government also presented evidence that it had sent Robinson twelve separate notices informing him that he was required to file a return, which Robinson testified he never received. When telephoned by an IRS agent, Robinson allegedly told the agent that filing was "against his constitutional rights."
 
 
 6
 The government's evidence was competent, and the defendant's only response was his own testimony, which the jury could easily have discredited. The verdict was clearly supported by the evidence, and we affirm Robinson's conviction.
 
 
 7
 AFFIRMED.